```
                   UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF LOUISIANA
                         ALEXANDRIA DIVISION

ALEXIS BALLARD                         CIVIL ACTION 09-1785

VERSUS                                 U.S. DISTRICT JUDGE DEE DRELL

SAFECO INSURANCE COMPANY
                                       U.S. MAGISTRATE JUDGE JAMES D. KIRK
```

**REPORT AND RECOMMENDATION**

Before the court is plaintiff's motion to remand, **Doc. 12**, referred to me by the district judge for report and recommendation.

Plaintiff sues for damages to her home as a result of a windstorm. Suit was filed in state court in Avoyelles Parish and timely removed by the defendant to this court based on diversity jurisdiction. Defendant stated, in its Notice of Removal, that the amount in controversy exceeds the jurisdictional limits of this court, $75,000, and referred to the claims made in the petition which defendant asserts prove the amount in dispute. Defendant also points out that plaintiff seeks penalties and attorney fees under Louisiana law and, therefore, the amount in dispute clearly exceeds $75,000.

Plaintiff moves to remand asserting that defendants have failed in their burden to prove that the amount in dispute exceeds $75,000, the jurisdictional amount in this court.

1

<u>Analysis</u>.

It is well settled that the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists.  However, the Fifth Circuit has applied different standards of proof, depending upon whether the complaint prays for a specific amount of damages.  <u>Allen v R & H Oil and Gas Co.</u>, 63 F.3d 1326 (5th Cir. 1995).  Where the complaint alleges entitlement to damages which exceed the jurisdictional limits of the court, now $75,000, the court may refuse jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount.  <u>St. Paul Mercury Indemnity Co. v. Red Cab. Co.</u>, 58 S. Ct. 586 (1938).  Where a specific amount of damages is not set forth, the legal certainty test is not applicable.  Instead, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  <u>De Aguilar v. Boeing Co.</u>, 11 F.3d 55 (5th Cir. 1993) (DeAguilar I).

In Louisiana, plaintiffs are prohibited by state law from specifying the amount of damages sought, except in certain circumstances. La. Code Civ. P., Art. 893.  Therefore, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. <u>De Aguilar</u> I, supra.  The defendant may make this showing in either of two ways: (1) by demonstrating that it is facially apparent from the

complaint that the claims are likely above $75,000, or (2) by setting forth the facts in controversy--preferably in the removal petition, but sometimes by affidavit--that support a finding of the requisite amount. <u>Allen</u>, 63 F.3d at 1335. See <u>Luckett v. Delta Airlines, Inc.</u> 171 F.3d 295 (5th Cir. 1999). Plaintiff may, however, cite to a state statute, for example, that prohibits recovery of more than the amount sought. <u>De Aguilar v. Boeing Co.</u>, 47 F.3d 1404 (5th Cir. 1995) (<u>De Aguilar</u> II). Otherwise, a litigant who wants to prevent removal must file a binding stipulation or affidavit <u>with her petition</u>. Id.

Removal may not be based upon conclusory allegations and the jurisdictional facts that support removal must be judged at the time of removal.

Once jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction. <u>St. Paul Mercury</u>, supra. While post removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits or stipulations and amendments may be considered only if the basis for jurisdiction is ambiguous, that is, not facially apparent, at the time of removal. <u>Gebbia v. Wal-Mart Stores, Inc.</u>, 233 F.3d 880 (5th Cir. 2000); <u>Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Columbia S. A.</u>, 988 F.2d 559, 565 (5th Cir.

1993), cert. den., 114 S. Ct. 685 (1994); St. Paul Mercury, supra.  See also, (De Aguilar II). Any post petition affidavits or stipulations are allowable only if relevant to the time of removal.  Allen, 63 F.3d at 1335.

Plaintiff's petition does not allege entitlement to a specific amount of damages. Neither is it facially apparent that the damages exceed the jurisdictional limit.  Rather, the claims made in this case are similar to those made with little specificity in Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).  Compare Luckett supra, and Gebbia, supra.  Therefore, defendant must show by a preponderance of other evidence that the amount in dispute is more than $75,000.

In order to prove jurisdiction, defendant points to the plaintiff's petition which alleges that the home was "significantly damaged" by hurricane Gustav and asserts entitlement to the policy limits for dwelling, other structures, and personal property and loss of use and requests a jury trial, thus admitting that the amount in dispute exceeds $50,000. Defendant shows that the policy limits equals $231,620 and that, prior to suit, plaintiff demanded full policy limits for the damages sought. In addition, plaintiff seeks double that amount as penalties and also seeks an award of attorney fees. Both penalties and attorney fees may be included in calculating the amount in controversy. See, respectively: Buras v. Birmingham,

4

327 F.2d 238 (5th C. 1964); <u>Cupples v. Farmers</u>, 390 F.2d 184 (5th C. 1968).

It is clear that the amount in dispute exceeds $75,000.

For these reasons, IT IS RECOMMENDED that the motion to remand, doc. #12, be DENIED.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing.  Timely objections will be considered by the district judge before he makes his final ruling.         **FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this 3rd day of February, 2010.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE